UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

GREG ADKISSON, et al.,
       Plaintiffs,
v.
JACOBS ENGINEERING GROUP, INC.,
       Defendant.

No.: 3:13-CV-505-TAV-HBG

*Lead Case Consolidated with*

KEVIN THOMPSON, et al.,
       Plaintiffs,
v.
JACOBS ENGINEERING GROUP, INC.,
       Defendant.

No.: 3:13-CV-666-TAV-HBG

as c*onsolidated with*

JOE CUNNINGHAM, et al.,
       Plaintiffs,
v.
JACOBS ENGINEERING GROUP, INC.,
       Defendant.

No.: 3:14-CV-20-TAV-HBG

BILL ROSE,
       Plaintiff,
v.
JACOBS ENGINEERING GROUP, INC.,
       Defendant.

No.: 3:15-CV-17-TAV-HBG

CRAIG WILKINSON, et al.,
       Plaintiffs,
v.
JACOBS ENGINEERING GROUP, INC.,
       Defendant.

No.: 3:15-CV-274-TAV-HBG

ANGIE SHELTON, as wife and next of
Kin on behalf of Mike Shelton, et al.,
       Plaintiffs,
v.
JACOBS ENGINEERING GROUP, INC.,
       Defendant.

No.: 3:15-CV-420-TAV-HBG

JOHNNY CHURCH,                              )
                Plaintiff,                  )
v.                                          )        No.:    3:15-CV-460-TAV-HBG
JACOBS ENGINEERING GROUP, INC.,             )
                Defendant.                  )
                                            )
                                            )
DONALD R. VANGUILDER, JR.,                  )
                Plaintiff,                  )
v.                                          )        No.:    3:15-CV-462-TAV-HBG
JACOBS ENGINEERING GROUP, INC.,             )
                Defendant.                  )
                                            )
                                            )
JUDY IVENS, as sister and next of kin,      )
on behalf of JEAN NANCE, deceased,          )
                Plaintiff,                  )
v.                                          )        No.:    3:16-CV-635-TAV-HBG
JACOBS ENGINEERING GROUP, INC.,             )
                Defendant.                  )
                                            )
                                            )
PAUL RANDY FARROW,                          )
                Plaintiff,                  )
v.                                          )        No.:    3:16-CV-636-TAV-HBG
JACOBS ENGINEERING GROUP, INC.,             )
                Defendant.                  )
                                            )

## <u>MEMORANDUM OPINION AND ORDER</u>

This civil action is before the Court on the objections [Doc. 283] of the defendant,

Jacobs Engineering Group, Inc., to the memorandum opinion and order [Doc. 279] issued

by Magistrate Judge Guyton denying defendant's motion in limine [Doc. 240], which

sought to exclude from trial the testimony of plaintiffs' expert Dr. Paul Terry.[1]  Plaintiff

_____

[1] All citations to the record refer to the lead case, *Adkisson et al. v. Jacobs Engineering Company et al.*, 3:13-cv-505.

has responded in opposition to defendant's objections [Doc. 289]. For the reasons that follow, defendant's seven objections will be overruled. 0

## I. Background

The relevant facts and procedural history of this case are thoroughly explained in Magistrate Judge Guyton's memorandum opinion and order and, given that there are no objections pertaining to those matters, are incorporated by reference [Doc. 279, at 3–8].

## II. Analysis

Magistrate Judge Guyton's memorandum opinion and order was issued under the authority of 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a). For such nondispositive matters, a district judge must "modify or set aside any portion of the [magistrate judge's] order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). The clearly erroneous standard applies to a magistrate judge's findings of fact, and the contrary to law standard to the magistrate's conclusions of law. *See Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992). These standards of review are both deferential. "A finding is clearly erroneous where it is against the clear weight of the evidence or where the court is of the definite and firm conviction that a mistake has been made." *Galbraith v. Northern Telecom, Inc.*, 944 F.2d 275, 281 (6th Cir. 1991), *overruled on other grounds, Kline v. Tenn. Valley Auth.*, 128 F.3d 337 (6th Cir. 1997). A decision is contrary to law "if the magistrate has misinterpreted or misapplied applicable law." *Hood v. Midwest Sav. Bank*, No. C2-97-218, 2001 WL 327723, at *2 (S.D. Ohio Mar. 22, 2001) (internal quotation and citation omitted).

The defendants present seven objections to Magistrate Judge Guyton's memorandum opinion and order, which the Court will consider in turn.

## A.     First objection

Defendant's first objection is based on the law-of-the-case doctrine, which generally "precludes reconsideration of issues decided at an earlier stage of the case." *Caldwell v. City of Louisville*, 200 F. App'x 430, 433 (6th Cir. 2006) (citing *United States v. Moored*, 38 F.3d 1419, 1421–22 (6th Cir. 1994). Defendant argues that, because Magistrate Judge Guyton determined that the report at issue here, Dr. Terry's third, was a new, as opposed to a supplemental, expert disclosure [*see* Doc. 279, at 9–15], plaintiffs were required to show at least good cause for the late filing, as required by Federal Rules of Civil Procedure 6(b) and 16(b)(4). Because the Court previously held that plaintiffs had not shown good cause for extending the expert-disclosure deadline [Doc. 235, at 8–15], so defendant's argument goes, Magistrate Judge Guyton should have rejected Dr. Terry's third report disclosure as untimely in accordance with the law-of-the-case doctrine.

Magistrate Judge Guyton's decision, under Rule 37(c)(1), to accept Dr. Terry's late-filed report was not contrary to law or clearly erroneous. Specifically, there was no violation of the law-of-the-case doctrine because "[t]he doctrine applies only to issues that were actually decided." *Moody v. Mich. Gaming Control Bd.*, 871 F.3d 420, 425 (6th Cir. 2017), *cert. denied*, 138 S. Ct. 2651 (2018). Magistrate Judge Guyton's prior decision denied, under Rules 6(b)(1)(B), 16(b) and 37(c)(1), plaintiffs' request to name three new experts after the expert disclosure deadline was determined to have passed. Magistrate

Judge Guyton's decision on the motion currently before the Court, however, dealt with a timely disclosed expert witness, whose late-filed expert report was untimely only because it was not proper supplementation [Doc. 279, at 9–15]. Because these are distinct contexts necessitating distinct inquiries, the law-of-the-case doctrine is not implicated.[2]

In addition, Magistrate Judge Guyton explained his reasons for deciding the two matters differently:

> Defendant also contends that the Court's reasoning in its March 9, 2018 order, which found that Defendant would be prejudiced by extending the expert disclosure deadline, applies with equal force here. In making its previous finding, the Court was faced with Plaintiffs' request to introduce three entirely new expert witnesses who had only submitted preliminary statements that explained their anticipated methodologies and opinions that were based on studies that had yet to be conducted. [Doc. 235 at 14]. The Court expressed doubt that a whole new round of expert discovery could be completed in a timely manner without disrupting deadlines in the case and without costing Defendant significant time, money, or resources given the preliminary nature of the opinions anticipated to be expressed in the reports. [Id.]. These concerns do not present themselves in the instant matter.

[Doc. 235, at 18]. That reasoning does not depend on clearly erroneous facts, and is not contrary to law.

---

[2] To the extent the law-of-the-case doctrine is implicated, it will not be followed. The law-of-the-case doctrine is discretionary, *see Hanover Ins. Co. v. American Eng'g Co.*, 105 F.3d 306, 312 (6th Cir. 1997) ("[The] law of the case doctrine is directed to a court's common sense and is not an inexorable command." (internal quotations omitted)), and its reach is limited where, as here, an issue is appealed for reconsideration. *Cf. Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) ("[A] district court's adherence to law of the case cannot insulate an issue from appellate review, [and] a court of appeals' adherence to the law of the case cannot insulate an issue from [Supreme Court] review."). Because Dr. Terry is plaintiffs' last expert, the Court finds that "the policy which favors disposition of cases on their merits," *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993) (citation omitted), weighs in favor of departing from the law-of-the-case doctrine, to any extent that it is implicated.

Defendants are correct that Magistrate Judge Guyton did not conduct an independent analysis of whether plaintiffs had shown good cause under Rules 6(b) or 16(b)(4) for extending the expert-disclosure deadline. But Magistrate Judge Guyton did conclude that the late disclosure was "harmless and substantially justified" under Rule 37(c). In doing so, Magistrate Judge Guyton found that the factors enumerated in *Howe v. City of Akron*, 801 F.3d 718 (6th Cir. 2015), weighed in favor of plaintiffs. Those factors are:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Id.* at 748. That standard appears to require a more demanding showing than that required to extend a deadline under Rule 16, *see Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003) ("[I]n addition to Rule 16's explicit "good cause" requirement, we hold that a determination of the potential prejudice to the nonmovant also is required when a district court decides whether or not to amend a scheduling order."), and it appears similar to the standard for showing excusable neglect under Rule 6(b), *see Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (considering the following factors as relating to excusable neglect: "(1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith"). These standards, though worded differently and

applying to different contexts, weigh the same basic considerations: prejudice to the other party, the reason for the delay, and the impact on the judicial proceedings.

Thus, although an independent analysis of Rules 6 and 16 might have been appropriate, Magistrate Judge Guyton's not doing so here was harmless because his analysis of Rule 37(c) and the *Howe* factors demonstrates the there was, in fact, good cause for permitting the late disclosure of Dr. Terry's third report. *See* Fed. R. Civ. P. 61 ("Unless justice requires otherwise, no error in admitting or excluding evidence—or any other error by the court or a party—is ground for . . . vacating, modifying, or otherwise disturbing a judgment or order. At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights."). Put differently, Magistrate Judge Guyton's couching his analysis in terms of the similar, but more topical, *Howe* factors did not prejudice defendant.

For all of these reasons, defendant's first objection, based on the law-of-the-case doctrine, will be overruled.

## B.    Second objection

Defendant's second objection is that Magistrate Judge Guyton misinterpreted the law by not considering, as a threshold requirement, whether the plaintiffs' late disclosure was the result of an "honest mistake." But Magistrate Judge Guyton made no such error because there is no such threshold requirement. The "honest mistake" language comes from *Vance ex rel. Hammons v. United States*, 182 F.3d 920 (6th Cir. 1999) (table), an unpublished, and thus nonprecedential, decision. *See id.* at *5. The Sixth Circuit cited

*Vance* in *Sommer v. Davis*, 317 F.3d 686, 692 (6th Cir. 2003), to hold that the district court did not abuse its discretion in denying a supplemental disclosure, in part because "nothing in the present case suggests that the failure . . . was the result of an honest mistake." *Id.* In *Howe*, the Sixth Circuit also cited the above-quoted passage from *Vance*, but whether the late disclosure there was an "honest mistake" played no role whatsoever in the court's analysis and was certainly not a threshold requirement.[3] *See* 801 F.3d at 747–50. Rather, the *Howe* court adopted and relied solely on the Fourth Circuit's five-factor test, on which Magistrate Judge Guyton also relied here. *See id.*

Because *Howe* provides the controlling standard, Magistrate Judge Guyton's memorandum opinion and order was not contrary to law for failing to consider whether the late disclosure was an "honest mistake." Defendant's second objection will therefore be overruled.

C.     **Third objection**

Defendant's third objection is that Magistrate Judge Guyton misapplied the law or clearly erred in finding that Dr. Terry's late disclosure was harmless under *Howe*.

---

[3] To the extent that *Sommer* and *Howe* conflict, *Sommer*, as the earlier case, would control. *See, e.g.*, *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985) ("A panel of this Court cannot overrule the decision of another panel. The prior decision remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision."); *see also* 6th Cir. L.R. 32.1(b) ("Published panel opinions are binding on later panels. A published opinion is overruled only by the court en banc.). Here, it appears that *Howe* builds on rather than displaces *Sommers*, because whether the late disclosure was an honest mistake is still a relevant consideration under the fifth factor of the *Howe* test, which instructs court to consider "the nondisclosing party's explanation for its failure to disclose the evidence." *Howe*, 801 F.3d at 748. Therefore, *Howe* provides the correct standard.

However, because, as explained above, Magistrate Judge Guyton used the correct legal standard, and his findings with respect to the five factors were not clearly erroneous, defendant's argument fails.

With respect to the first factor, "the surprise to the party against whom the evidence would be offered," Magistrate Judge Guyton found, and defendant agrees, that Dr. Terry's late disclosure was a surprise to the defendant, and thus this factor weighs in favor of exclusion [Doc. 279, at 16; Doc. 283, at 11].

The second factor, "the ability of [defendant] to cure the surprise," points in the other direction, as Magistrate Judge Guyton correctly determined [Doc. 279, at 17–18]. Defendant's argument is based on the fact that defendant has already spent money on expert witness reports, and would have to spend more as a result of Dr. Terry's new report. In contrast, Magistrate Judge Guyton relied upon the length of time remaining before trial and the ability of defendant to take Dr. Terry's deposition—which is currently scheduled to take place on August 24, 2018, well before the October trial [Doc. 289, at 6]—as two reasons why the ability to cure the surprise weighs in favor of plaintiffs. Those considerations make this case distinguishable from *Pummell v. Burkes*, 2018 WL 1875596 (S.D. Ohio April 19, 2018), a case on which defendant relies. There, the plaintiff attempted to introduce new witnesses, which would have required reopening discovery and thus compromised the status and schedule of the case, *id.* at *3, concerns which are not present here. Thus, although defendants will likely incur additional expenses, defendant has failed to demonstrate that Magistrate Judge Guyton's weighing of these considerations was

clearly erroneous or contrary to any law. This factor thus weighs in favor of admitting the evidence.

The third factor, "the extent to which allowing the evidence would disrupt the trial" also weighs in favor of permitting Dr. Terry's testimony, a point which defendant appears to concede [Doc. 283, at 15–16]. Magistrate Judge Guyton did not commit clear error in finding that the trial date will not be affected by permitting the testimony of Dr. Terry, and, contrary to defendant's argument, the Court does not find the reasons for the previously granted continuance to be particularly relevant.

The fourth factor, "the importance of the evidence," weighs decidedly in favor of permitting the testimony. Dr. Terry is plaintiffs' sole expert witness on the key issue of general causation and as such is significant. While defendant argues "the fact that this evidence is apparently critical to Plaintiffs' case merely highlights the drastic impact that their failure to disclose it has had on these proceedings" [Doc. 283, at 15], that concern is tempered by defendant's ability to cure the surprise, as discussed above. Thus, Magistrate Judge Guyton did not err in determining that this factor weighs in favor of admitting the evidence.

The fifth and final factor, "the nondisclosing party's explanation for its failure to disclose the evidence," cuts both ways. Defendant's argument on this point is based on the premise that plaintiffs' late disclosure was not an "honest mistake" [Doc. 283, at 14], but as discussed above, that is not a hard-and-fast requirement. Addressing those concerns, Magistrate Judge Guyton found that this factor was "at best neutral," reasoning that,

although plaintiffs offered a reasonable explanation for the untimely disclosure, they had not explained the overall failure to provide a complete report in the first instance [Doc. 279, at 18–19]. Although defendant appears to disagree with Magistrate Judge Guyton's finding with respect to this factor, defendant has not shown that determination to be clearly erroneous or contrary to law.

In conclusion, because Magistrate Judge Guyton's weighing of the five *Howe* factors—specifically, that three factors weighed in favor of admittance, one factor weighed in favor of exclusion, and one factor was neutral [Doc. 279, at 16–19]—was not clearly erroneous or contrary to law, defendant's third objection will be overruled. Given that the Court is to construe the Federal Rules of Civil Procedure to secure the just determination of every action, *see* Fed. R. Civ. P. 1, Magistrate Judge Guyton's finding that admitting Dr. Terry's late-filed report would be substantially justified or harmless under Federal Rule of Civil Procedure 37(c) will stand.

### D. Fourth Objection

Defendant's fourth objection—that Magistrate Judge Guyton misinterpreted Dr. Terry's report and the nature of his opinions—is unavailing. According to defendant, Magistrate Jude Guyton's reliability determination was based on the following erroneous assumption: "Dr. Terry does not opine that fly ash exposure is capable of causing Plaintiffs' particular health issues; rather, he seeks to answer whether 'specific components' that have been identified within the fly ash at the Site are capable of causing specific diseases reported by Plaintiffs" [Doc. 279, at 31]. Defendant maintains that Dr. Terry's report

makes clear that he does, in fact, intend to testify about the effects of exposure to *coal ash*, rather than just the *individual components of coal ash*. That misunderstanding, so the argument goes, infected Magistrate Judge Guyton's entire reliability analysis, which should be set aside for that reason.

However, it appears that Dr. Terry does intend to testify primarily about the effects of exposure to the individual components of coal ash. In each section of his report, Dr. Terry identified a specific component of coal ash and analyzed whether each is capable of causing a specific disease [*see, e.g.*, Doc. 255-1, at 7–12 (lead)]. Moreover, it is not clear whether and to what extent plaintiffs are required to quantify dose and exposure to coal ash, or the components thereof, in Phase I. That question will be resolved along with defendant's pending motion for summary judgment. As it stands now, to the extent Dr. Terry's report has not quantified dose and exposure to coal ash, that failure will "go[] to the issue of whether Plaintiffs have met their burden on general causation and not to the admissibility of Dr. Terry's report," as Magistrate Judge Guyton correctly determined [Doc. 279 at 30]. In addition, if Dr. Terry attempts to testify beyond the scope of his report at trial (which defendant apparently thinks likely), defendant may object on that basis at trial, which is the proper remedy for this issue, rather than a wholescale exclusion of Dr. Terry's opinion.

For these reasons, defendant's fourth objection will be overruled.

## E.     Fifth and sixth objections

Defendant's fifth and sixth objections are not well-taken because they pertain to the merits of this case, i.e., plaintiffs' ultimate burden on general causation, rather than to the admissibility of Dr. Terry's opinion under Federal Rule of Evidence 702 and *Daubert*. As the Sixth Circuit explained in *Jahn v. Equine Servs., PSC*, 233 F.3d 382 (6th Cir. 2000):

> *Daubert* and Rule 702 require only that the expert testimony be derived from inferences based on a scientific method and that those inferences be derived from the facts of the case at hand . . . not that they *know* answers to all the questions a case presents—even to the most fundamental questions.

*Id.* at 390 (emphasis in original) (internal citation omitted). Defendant does not argue that Dr. Terry's opinions are based on unreliable methodology or unrelated facts (the province of *Dabuert*). This failure is made clear by defendant's not citing any of the reliability factors identified by the Supreme Court in *Daubert*. *See Johnson v. Manitowoc Boom Trucks, Inc.*, 484 F.3d 426, 429 (6th Cir. 2007) ("These factors include: (1) whether a 'theory or technique . . . can be (and has been) tested'; (2) whether the theory 'has been subjected to peer review and publication'; (3) whether, with respect to a particular technique, there is a high 'known or potential rate of error' and whether there are 'standards controlling the technique's operation'; and (4) whether the theory or technique enjoys 'general acceptance' within a 'relevant scientific community.'" (quoting *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993))). As Magistrate Judge Guyton correctly determined, at this stage of litigation, "[t]he focus, of course, must be solely on principles and methodology, not on the conclusions that they generate." *Daubert*, 590 U.S. at 594–95 [Doc. 279, at 31].

But here, defendant's fifth and sixth objections are based on the premise that Dr. Terry's opinions, and the studies upon which he relied, do not demonstrate that fly-ash exposure is capable of causing the complained-of diseases. Accordingly, the Court rejects these objections as an attempt by defendant to litigate the merits of this case. As Magistrate Judge Guyton correctly concluded, to the extent that Dr. Terry has not quantified plaintiffs' dose or exposure to fly ash—if such a showing is even necessary to establish general causation—that failure "goes to the issue of whether Plaintiffs have met their burden on general causation and not to the admissibility of Dr. Terry's report" [Doc. 279 at 30]. As the Supreme Court has observed, so long as the principles and methodology reflect reliable scientific practice, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Id.* at 596, 113 S. Ct. 2786.

Thus, Magistrate Judge Guyton's memorandum opinion and order was not contrary to law or clearly erroneous for the reasons claimed in defendant's fifth and sixth objections. Those objections will therefore be overruled.

**F.    Seventh objection**

Finally, defendant's seventh objection—to Magistrate Judge Guyton's conclusion that Dr. Terry's opinion would assist the trier of fact—is also without merit. According to defendant, because "everyone agrees" that, under the right circumstances, components of fly ash can cause the health issues alleged, Dr. Terry's testimony is not relevant because it would not assist the trier of fact in answering that (undisputed) question [Doc. 283, at 19].

14

As an initial matter, just because evidence might not be necessary, in a strict sense, does not mean that such evidence must be excluded as not assisting the trier of fact. *See United States v. Brawner*, 173 F.3d 966, 969 (6th Cir. 1999) (necessity is not a condition precedent for the admissibility of expert opinion testimony; rather, the test is whether the opinion will help the trier of fact).

What is more, it appears that Dr. Terry's opinions go further than defendant's admission. Dr. Terry's third report addresses levels of the coal-ash constituents in the Kingston coal ash and cites epidemiological studies supporting his conclusion that those levels are capable of causing the specified health issues [*see, e.g.*, Doc. 255-1, at 7–12 (lead)]. That report also describes the circumstances and avenues of exposure for each of the epidemiological studies, so that they might be compared (by the trier of fact) to the circumstances and routes of exposure of plaintiffs [*see, e.g.*, *id.*]. The report also assess the strength of the association—and existence of a causal relationship—between exposure to the coal-ash constituents and the illnesses suffered by the exposed population [*see* Doc. 255-1 at 4–5]. Finally, the report also assesses the bioavailability of the coal-ash constituents and the biological plausibility the associations established by the epidemiological studies are consistent with known mechanisms of toxicity [*see, e.g.*, Doc. 255-1 at 12–13]. These opinions clearly pertain to general causation, that is, whether the exposure to the coal-ash constituents found at the Kingston site is capable of causing the complained-of diseases, and therefore would assist the factfinder in making that determination.

Thus, because this evidence would assist the trier of fact in determining the question of general causation, defendant's seventh objection will be overruled.

## III. Conclusion

As explained above, defendant has failed to demonstrate that Magistrate Judge Guyton's memorandum opinion and order is clearly erroneous or contrary to law, as would be required for the Court to overturn it. *See* 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a). Accordingly, defendant's objections are hereby **OVERRULED**, and Magistrate Judge Guyton's memorandum opinion order is **AFFIRMED**. Dr. Terry's expert report pertaining to general causation will be considered for purposes of defendant's pending motion for summary judgment, and Dr. Terry will be permitted to testify should this case go to trial.

IT IS SO ORDERED.

s/ Thomas A. Varlan_____
CHIEF UNITED STATES DISTRICT JUDGE